NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CEDRIC GREENE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1776

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01779-RTH, Judge Ryan T. Holte.

---

Decided: October 5, 2023

---

CEDRIC GREENE, Los Angeles, CA, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before REYNA, HUGHES, and STARK, *Circuit Judges.*

PER CURIAM.

Cedric Greene appeals a decision from the United States Court of Federal Claims dismissing for lack of subject matter jurisdiction his claims to reinstate his social security benefits and for backpay.  We affirm.

## BACKGROUND

Mr. Greene filed a complaint before the United States Court of Federal Claims ("Court of Federal Claims"), alleging that his social security benefits were "stripped in an unlawful fashion."  Appx2.[1]  As relief, Mr. Greene requested the reinstatement of his social security benefits "plus back pay from the date that his benefits [were] discontinued in an unjust manner."  Appx3.

The government moved to dismiss Mr. Greene's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims.  Appx4. In response, Mr. Greene argued that the Tucker Act, 28 U.S.C. § 1491(a)(1), permits the Court of Federal Claims to exercise jurisdiction over his social security benefits claims.  Appx7.

The Court of Federal Claims granted the government's motion, concluding it lacked subject matter jurisdiction over Mr. Greene's claims and requested relief.  Appx7–8.

Mr. Greene appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

This court reviews de novo a decision by the Court of Federal Claims to dismiss a case for lack of subject matter

---

[1]  "Appx" refers to the appendix accompanying the government's responding brief.

jurisdiction. *See Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016).

## DISCUSSION

We affirm the Court of Federal Claims' determination that it lacked subject matter jurisdiction over Mr. Greene's claim to reinstate his social security benefits and for backpay on the same.

A party invoking the jurisdiction of the Court of Federal Claims has the burden of establishing jurisdiction is proper. *See Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). The Court of Federal Claims' jurisdiction is limited, largely established by the Tucker Act, 28 U.S.C. § 1491. *See United States v. Testan*, 424 U.S. 392, 397–99 (1976). The Tucker Act gives the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Tucker Act itself does not create a substantive cause of action, so a plaintiff must identify a separate contract, regulation, statute, or Constitutional provision, which, if violated, provides for a claim for money damages against the United States. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); *see also Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Neither Mr. Greene's complaint nor his informal brief identifies any contract, regulation, statute, or Constitutional provision outside the Tucker Act that conveys jurisdiction to the Court of Federal Claims. *See* Appellant Informal Br. 1–3; Appx 1–3. Even construing Mr. Greene's complaint in the most favorable light, he solely challenges a decision by the Social Security Administration relating to his social security benefits. Appx1. But this court has held

that the Court of Federal Claims' jurisdiction under the Tucker Act does not extend to claims, like Mr. Greene's, for social security benefits. *See, e.g., Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). Mr. Greene has therefore failed to carry his burden to establish that the Court of Federal Claims' jurisdiction over his social security benefits claim is proper.

We note that there is a procedural process for challenging overpayments and underpayments of social security benefits before the Social Security Administration. *See* 42 U.S.C. § 404 (outlining procedure). The Social Security Act confers exclusive jurisdiction for review of the Social Security Administration's decisions, including those related to overpayment and underpayment, to the district court in the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g)–(h). Consequently, the record indicates that the United States District Court for the Central District of California has exclusive jurisdiction over Mr. Greene's challenge of the Social Security Administration's decision.[2]

For the foregoing reasons, Mr. Greene has failed to carry his burden of establishing that the Court of Federal Claims had jurisdiction over his social security benefits claim. The Court of Federal Claims thus properly concluded that it had no jurisdiction over Mr. Greene's claim.

CONCLUSION

We affirm the Court of Federal Claims' dismissal of Mr. Greene's complaint.

**AFFIRMED**

COSTS

No costs.

---

[2]    Mr. Greene stated that his residence is in Los Angeles, California. Appx2.